IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
March 12, 2002 Session

## FREDERICK J. ROBINSON v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Davidson County**
**No. 99-A-403     Cheryl Blackburn, Judge**

---

**No. M2001-02018-CCA-R3-PC - Filed October 21, 2002**

---

In 1999, petitioner pled guilty to three counts of first degree pre-meditated murder and received three concurrent life sentences without possibility of parole. Petitioner now appeals from the denial of his post-conviction relief petition, contending that his plea was not made knowingly and voluntarily and that he had been denied the effective assistance of counsel. We affirm the post-conviction court's denial of post-conviction relief.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which JOE G. RILEY and THOMAS T. WOODALL, JJ., joined.

Kathleen G. Morris, Nashville, Tennessee, for the appellant, Frederick J. Robinson.

Paul G. Summers, Attorney General and Reporter; Helena Walton Yarbrough, Assistant Attorney General; Victor S. (Torry) Johnson III, District Attorney General; Sharon L. Brox and Roger D. Moore, Assistant District Attorneys General, for the appellee, State of Tennessee.

**OPINION**

**Facts**

On July 3, 1998, petitioner, Frederick J. Robinson, was arrested for the murder of three people. He was indicted on three counts of murder in the first degree, six alternative counts of felony murder, and one count of aggravated burglary. Later, defense counsel requested that petitioner be referred to Vanderbilt Forensic Psychiatry for a mental health forensic evaluation, pursuant to Tennessee Code Annotated sections 33-7-301(a) and 37-1-128 and the standard provided by Tennessee Code Annotated section 39-11-501(Pub. Ch. 494). The Forensic Coordinator at Vanderbilt, after examining petitioner, gave the opinion that petitioner was not exhibiting a mental illness as to impair his capacity to appreciate the wrongfulness of his acts. Additionally, they gave

the opinion that petitioner understood the nature of the legal process and was able to advise his counsel and participate in his defense. On June 17, 1999, he pled guilty to three counts of first degree pre-meditated murder. Pursuant to the plea agreement, petitioner was sentenced to three concurrent life sentences without the possibility of parole.[1] Petitioner subsequently sought post-conviction relief, claiming his plea had not been entered into knowingly and that he had been denied the effective assistance of counsel. Post-conviction relief was denied. Petitioner appeals to this Court, raising two issues:

(1) Whether the trial court erred in finding that the appellant's guilty plea was made knowingly, voluntarily, and understandingly; and

(2) Whether the trial court erred in finding that the appellant's attorneys provided effective assistance of counsel in light of their failure to obtain a complete psychological evaluation and their reliance on a "forensic evaluation" conducted after the arrest.

## Post-Conviction Hearing

At the post-conviction hearing, petitioner presented an expert forensic psychologist who testified that she met with petitioner on three occasions in preparation for the post-conviction hearing, as well as reviewing past psychological evaluations, including the evaluation done by Vanderbilt. She indicated the Vanderbilt examination was limited to a "mini-mental" status evaluation. Additionally, she indicated that petitioner's condition would make it more difficult to fully understand the ramifications of the plea agreement. She opined that the psychotic symptoms and psychiatric medication taken by petitioner would have a negative impact upon petitioner making a knowing plea.

On cross-examination, the expert indicated that petitioner did understand what the death penalty was. She also testified that she had no reason to doubt the abilities of one of petitioner's trial counsel- counsel #2 (although she did state she was unfamiliar with the other counsel- counsel #1). Additionally, she testified that Vanderbilt had reported doubts as to whether petitioner's psychosis was real or whether petitioner was only malingering.

Trial counsel #1 testified that he had been a public defender for twelve years. In discussing his acts during the preparation for the plea agreement, he stated he had requested all the State's records and that any records not received, he had deemed irrelevant. He had requested a mental evaluation at Vanderbilt, as he was aware of petitioner's past mental history. He had discussed the case fully with petitioner at several stages, had arranged for a family visit to allow petitioner to further discuss the ramifications of the plea, had read the plea agreement to petitioner and explained it in full to him, as well as asking and confirming from petitioner that he understood it, and had discussed enhancement and mitigation factors involved in the sentencing possibilities of petitioner. Furthermore, trial counsel #1 testified that he did not order tests in addition to the Vanderbilt

---

[1] The judge informed petitioner during the plea colloquy that a possible sentence for a first degree murder conviction is the death penalty.

examination because it did not appear to him that there was anything wrong with the exam and that his primary concern was making sure petitioner knew what he was doing and was aware of all the risks involved.

Trial counsel #2 testified that he stood with petitioner at the plea hearing because trial counsel #1 was unable to be present. He testified he could not recall his discussions with petitioner but that he was aware that trial counsel #1 had gone over all the plea ramifications with petitioner. He also testified that he had 25 years experience as a public defender, that mental health law was his sub-specialty, and that, in his opinion, petitioner made a knowing and understanding plea.

Petitioner testified at the post-conviction hearing that he had been unable to understand his lawyers and that he needed things to be "more broken down" when explained to him. He testified he had been on psychotropic medication during the plea agreements and discussions. He stated he was unaware "why he was even in prison after the plea hearing" until another inmate explained to him what had happened by "breaking it down for him." He stated that he did understand that if his plea was set aside and he went to trial and was convicted, he could possibly receive a death sentence.

**Standard of Review**

Petitioner bears the burden of proving the factual allegations that would entitle petitioner to relief by clear and convincing evidence. Tenn. Code Ann. § 40-30-210(f). We review the post-conviction court's factual findings underlying a claim of ineffective assistance of counsel under a *de novo* standard with a presumption that those findings are correct – unless the preponderance of the evidence establishes otherwise. State v. Burns, 6 S.W.3d 453, 461 (Tenn. 1999). However, the post-conviction court's conclusions of law – such as whether counsel's performance was deficient or whether that deficiency was prejudicial – are reviewed under a *de novo* standard with no presumption of correctness. Fields v. State, 40 S.W.3d 450, 457 (Tenn. 2001).

Where, as here, petitioner seeks to vitiate a conviction due to ineffective assistance of counsel, petitioner must establish by clear and convincing evidence that the services rendered by counsel were outside the range of competence of an attorney and that such incompetence had an actual prejudicial effect on the outcome of the case. Strickland v. Washington, 466 U.S. 669, 693, 104 S. Ct. 2052, 2067, 80 L. Ed. 2d 674, 697 (1984); Baxter v. Rose, 523 S.W. 2d 930, 936 (Tenn. 1975).

**Involuntary, Unknowing Guilty Plea**

Petitioner first alleges that his guilty plea was made without full knowledge of all the ramifications of the plea. Absent this full knowledge, petitioner claims his plea was involuntary and should therefore be set aside. A guilty plea must be entered into knowingly and voluntarily. Boykin v. Alabama, 395 U.S. 238, 243, 89 S. Ct. 1709, 1712, 23 L. Ed. 2d 274 (1969). Such a plea requires the intentional relinquishment of known rights. State v. Mackey, 553 S.W. 2d 337, 340 (Tenn.

1977). Petitioner failed to meet his burden of convincing the post-conviction court by clear and convincing evidence that the plea was unknowing and involuntary. Tenn. Code Ann. § 40-30-210(f). On appeal, petitioner must demonstrate why the evidence contained in the record preponderates against the findings of the trial judge. Henley v. State, at 578-579.

At the hearing to accept petitioner's guilty plea, the trial judge asked petitioner a number of questions to help ascertain whether this was a voluntary plea. Importantly, when the trial judge asked petitioner if he understood he was pleading guilty to first degree murder with a sentence of life without the possibility of parole, petitioner answered, "Yes ma'am." The trial judge asked petitioner if his trial counsel discussed all possible punishments possible for a jury conviction, to which petitioner answered, "Yes, they did." When asked if his counsel had gone over what the State would have to prove at trial to convict him, petitioner answered, "Yes, they did." The trial judge also asked petitioner if he had been made aware of all his rights, to which petitioner indicated that he had been.

Additionally, petitioner claims at the time he entered his guilty plea he was taking medication to address his mental problems, that he had failed to take the medication on the day he entered the plea, and that, as a result, he did not have the capacity to knowingly plead guilty. During the plea hearing, the trial judge asked petitioner whether he had taken his medication, to which petitioner indicated he had not. However, the trial judge further asked petitioner whether his failure to take his medication that day was having any effect on his understanding of the proceedings, to which petitioner answered, "No ma'am." Petitioner presented evidence at the post-conviction hearing in the form of an expert witness in forensic neuropsychology who indicated that *if* petitioner did forget his medication on the day in question, it *might* raise an issue as to the voluntariness of the plea (emphasis added). The trial court found no merit in the involuntariness claim. The court found the demeanor of petitioner at the submission hearing confirms that he was fully aware of what he was doing when he entered his guilty pleas, and that he had the requisite mental capacity to enter the plea and waive his rights.

Moreover, the same expert's forensic report indicates that any mental impairment of this petitioner "does not appear sufficient to render (defendant) unable to grasp legal proceedings or to assist his counsel." The post-conviction judge, who also presided over the plea hearing, was able to witness petitioner first hand in court and made the determination that petitioner's demeanor was articulate and responsive and that petitioner presented no evidence to preponderate against this finding. Based on his answers to questions and the court's own observations of petitioner's demeanor, the court found the involuntary plea claim was without merit.

Petitioner also contends he was not kept adequately informed of all the legal proceedings by his counsel and, therefore, the plea he entered into was unknowing. He claims that even though his lawyers were giving him information and communicating with him, he understood little of it. This Court agrees with the State that this bare bones allegation by petitioner, uncorroborated, is not enough to meet his burden of proof of presenting evidence to preponderate against the findings of the post-conviction court judge. The post-conviction court found that trial counsel discussed the plea with petitioner on several occasions, including immediately upon receipt of the offer, several times

prior to petitioner reading and signing it, and again prior to the submission hearing. The post-conviction court also found that trial counsel ordered a psychiatric evaluation prior to the plea agreement. Petitioner indicated his agreement to the plea to his trial counsel and signed the plea agreement. Additionally, there is evidence in the record that trial counsel for petitioner encouraged him to meet and discuss the plea with family before entering into the plea agreement. The post-conviction court found this claim to be without merit.

Based on the lengthy discussions with his counsel, his meeting with family members prior to entering the plea, and the testimony and records of the expert forensic neuro-psychiatrist that petitioner was able to grasp the legal proceedings and assist his counsel, this Court cannot conclude that the evidence preponderates against the post-conviction court's finding that petitioner entered this plea knowingly and voluntarily.

### Ineffective Assistance of Counsel

Petitioner claims he was denied the effective assistance of counsel, primarily due to his trial counsel's failure to order, in addition to the Vanderbilt evaluation, further mental examinations.

In order to effectuate a claim of ineffective assistance of counsel, a petitioner must establish that the services rendered him were not within the range of competence for an attorney. Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2067, 80 L. Ed. 2d 674, 697 (1984); Baxter v. Rose, 523 S.W. 2d 930, 936 (Tenn. 1975). Secondly, even if the actions of the attorney were deemed to be outside the broad range of competence, it must be shown that the incompetence had an adverse effect on the outcome of the case. Strickland, 466 U.S. at 693. As this standard applies to guilty pleas, a petitioner must establish that "but for" the incompetence of his counsel, he would not have pled guilty and would have gone to trial. Hill v. Lockhart, 474 U.S. 52, 53, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985).

Petitioner's main contention is that his trial counsel was ineffective in its failure to order an additional mental examination to the one conducted at Vanderbilt. Petitioner alleges that counsel was therefore ineffective due to a failure to properly consider the mental aspects of petitioner. However, there is ample evidence throughout the record that defense counsel did address the mental health issue. Counsel ordered the psychiatric examination at Vanderbilt in order to determine the competency and sanity of petitioner to participate in a trial, because counsel was aware of petitioner's mental issues, and the Vanderbilt Forensic Coordinator gave the opinion that petitioner was mentally able to proceed. In an effort to determine that petitioner had not been mentally able to proceed with his plea agreement, petitioner was later seen and evaluated by a recognized expert in forensic psychiatry, who made a determination that petitioner was competent and able to assist counsel and appreciate the legal proceedings. This expert could not make a determination that any failure to further examine had any effect on the acceptance of the plea.

The post-conviction court found that trial counsel did adequately investigate the insanity defense. Additionally the post-conviction court found that petitioner did not satisfy his burden of

presenting evidence that his sanity was a significant factor nor was any evidence produced to indicate trial counsel failed to review petitioner's mental history. In short, the court found that trial counsel did not act ineffectively as to petitioner's mental issues.

Petitioner claims he was suffering from numerous mental ailments, including schizophrenia, yet any ailments petitioner may have suffered were considered when the Vanderbilt center conducted its examination and determined petitioner able to proceed. Even considering the anti-psychotic medication that petitioner claims to have been taking, along with the alleged schizophrenia, the expert forensic psychiatrist could not conclude that petitioner was unable to assist counsel or was unable to grasp the legal proceedings. Petitioner was unable to meet his burden of proving by clear and convincing evidence that his trial counsel incompetently handled the mental health issue. Having failed to do so, we are unable to hold that the evidence preponderates that trial counsel's actions were outside the range of competence as to disturb the post-conviction court's findings.

Petitioner's secondary contention is that his counsel was ineffective by failing to adequately confer with him and inform him of matters relevant to his case. However, trial counsel testified at the post-conviction hearing that they did advise petitioner as to matters relevant to his case, explained the ramifications of a plea agreement in full with him, encouraged petitioner to seek additional guidance from family members, and kept him informed of the progress of the case on a step-by-step basis. The post-conviction court found that trial counsel for petitioner did keep him adequately informed. More specifically, the post-conviction court found that trial counsel did more than an adequate job informing petitioner of relevant information, as well as keeping petitioner informed of his rights. Petitioner presents no evidence to preponderate against that finding.

**Conclusion**

The two issues in this case, petitioner making an unknowing and involuntary plea and petitioner's counsel being ineffective, are inextricably linked. If his counsel was ineffective, that would lead to petitioner making an unknowing plea. If petitioner was mentally unable to understand what he was doing when he made his plea, his counsel would be ineffective for failing to have done further mental examinations or provided further information to petitioner to allow him to make a more informed choice. Both issues tend to "bootstrap" the other. We hold there is no merit in either. Giving proper deference to the findings of the post-conviction court, we conclude petitioner has failed to carry his burden of presenting evidence that preponderates against the findings of the post-conviction court.

Accordingly, we affirm the judgment of the post-conviction court.

_____

JOHN EVERETT WILLIAMS, JUDGE